UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IKEIE SMITH,

                    Petitioner,                    Case No. 19-cv-12239
                                                   Paul D. Borman
v.                                                 United States District Judge

LES PARISH,

                    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITONER'S MOTION TO HOLD
HABEAS PETITION IN ABEYANCE (ECF #2) AND
ADMINISTRATIVELY CLOSING CASE**

Petitioner Ikeie Smith was convicted after he pled guilty in the Wayne Circuit

Court to fourteen counts of first-degree criminal sexual conduct, three counts of

armed robbery, two counts of torture, and nine counts of home invasion. He was

sentenced to a controlling term of 55 to 80 years of imprisonment. Petitioner filed

this action under 28 U.S.C. § 2254. He claims that the trial court erred in denying

his motion to withdraw his plea due to defects in the plea proceeding. The Michigan

Court of Appeals denied relief with respect to this claim on direct review. Petitioner

asserts, however, that his appellate counsel failed to timely appeal the decision of

the Michigan Court of Appeals to the Michigan Supreme Court.

Along with his habeas petition, Petitioner filed a motion to stay the case so that he can exhaust an additional claim in the state courts asserting that his appellate counsel was ineffective for failing to file a timely appeal in the Michigan Supreme Court.

A federal habeas petitioner must first exhaust all available remedies in state court. 28 U.S.C. § 2254(b). A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). *Rhines* held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id*. at 278.

Here, a dismissal of the petition on exhaustion grounds would create difficulties for Petitioner with respect to the statute of limitations. Petitioner signed and dated his habeas petition 56 days after the Michigan Court of Appeals decision, the last day of the limitations period. *See Redmond v. Jackson*,

295 F. Supp. 2d 767, 770 (E.D. Mich. 2003) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires). Petitioner alleges good cause for not previously raising this claim in the state courts as the claim concerns his appellate counsel's alleged failure to perfect an appeal on his behalf. Finally, it does not appear that the unexhausted claim is plainly meritless or that Petitioner is engaged in intentionally dilatory tactics.

Accordingly, the Court holds the petition in abeyance. Petitioner must exhaust his new claim in state court by filing a motion for relief from judgment in the Wayne Circuit Court within 60 days of the date of this Order, and then if it is denied, he must file timely appeals in the Michigan Court of Appeals and Michigan Supreme Court. *See, e.g., Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Further, he must ask this Court to lift the stay within 60 days of exhausting his state court remedies. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

It is **ORDERED** that the Motion to Hold Habeas Petition in Abeyance is **GRANTED** and the petition for writ of habeas corpus shall be stayed and held in abeyance pending Petitioner's state post-conviction review proceeding.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that a copy of this Order be served upon Respondent.


Dated:   August 8, 2019                        s/Paul D. Borman
                                             Paul D. Borman
                                             United States District Judge